■ In the Matter of MILDRED GRIMES, Appellant, v MICHAEL J. DOWLING, as Commissioner of New York State Department of Social Services, et al., Respondents. [639 NYS2d 622] Memorandum: We reject the argument of petitioner that, in enacting Social Ser-

vices Law § 131-w, the Legislature intended to supersede 18 NYCRR 370.3 (b) (2) by making the requirement concerning an applicant's individual or household income level applicable only to applicants seeking Emergency Home Relief (EHR) assistance for mortgage, rent or property tax arrears. Rather, Social Services Law § 131-w is a cost-saving measure enacted to institute a repayment requirement for recipients of EHR assistance for mortgage, rent or property tax arrears (*see, Matter of Kelly v Bane,* 192 AD2d 236, 239); it is not intended to impose the income cap on applicants for assistance only in those areas. We reject the alternative argument advanced by petitioner that her emergency need was "the result of a fire, flood or other like catastrophe", entitling her to EHR assistance even though her income exceeded 125% of the Federal income official poverty line (18 NYCRR 370.3 [b] [2]). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.